## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL B. CONNELLY,** | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3102 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| **MICHAEL J. ASTRUE, Commissioner,**[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Payment of Attorney's Fees Pursuant to the Equal Access to Justice Act and for Approval of Fees Pursuant to 42 U.S.C.A. § 406(b) (Filing No. 23). The plaintiff filed an affidavit of counsel (Filing No. 24), with exhibits attached. The defendant filed a response (Filing No. 25) in opposition to the motion. The plaintiff filed a reply brief (Filing No. 28).

### BACKGROUND

On March 9, 2007, the court entered an order reversing the decision of the Commissioner and awarding benefits to the plaintiff. **See** Filing No. 18. On the same date, the court entered judgment in favor of the plaintiff. **See** Filing No. 19. On June 29, 2007, counsel for the plaintiff filed the instant motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) and the Social Security Act (SSA) 42 U.S.C. § 406(b). The defendant opposes any award under the EAJA because the application was not filed within the deadline prescribed by the EAJA. **See** 28 U.S.C. § 2412(d)(1)(B). Further, the plaintiff has failed to make any showing that equitable tolling principles apply. The defendant also seeks to have the court carefully review the plaintiff's counsel's contribution to the matter to ensure a reasonable fee is awarded, rather than merely granting the request for 25% of the past due benefits, which results in an award of $10,839, or nearly $390 per hour.

---

[1] Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

## ANALYSIS

### A.   EAJA Attorney Fees

The EAJA provides for the award of attorney fees if:  (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed.  28 U.S.C. § 2412(d)(1)(A), (2)(B); **SEC v. Zahareas**, 374 F.3d 624, 630 (8th Cir. 2004).  Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified.  **Goad v. Barnhart**, 398 F.3d 1021, 1025 (8th Cir. 2005); **Brouwers v. Bowen**, 823 F.2d 273, 275 (8th Cir. 1987).  To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact.  **Goad**, 398 F.3d at 1025; **Pierce v. Underwood**, 487 U.S. 552, 565-66 (1988).  The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust.  **Koss v. Sullivan**, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).  Additionally, the Equal Access to Justice Act (EAJA) requires that a party "shall within thirty days of final judgement in the action, submit to the court an application for fees. . ." 28 U.S.C. § 2412(d)(1)(B).  The filing period for attorney fees and expenses under Equal Access to Justice Act (EAJA) begins after final judgment is entered by court and the appeal period has run, so that judgment is no longer appealable.  **Melkonyan v. Sullivan**, 501 U.S. 89, 102 (1991).

In the current case, the plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which the plaintiff prevailed.  **See Id.**  This court's previous order reversed the Commissioner's denial of benefits, thereby establishing the position of the defendant was not substantially justified.  **See** Filing No. 18.  However, the plaintiff was untimely in the application for EAJA fees to the District Court.  The plaintiff's fee petition was due June 7, 2007.  The plaintiff did not file his petition until June 29, 2007.  **See** Filing No. 24-3.  Additionally, the plaintiff has failed to make any showing that equitable tolling principles apply.  Accordingly, the court finds the plaintiff's motion for attorney's fees pursuant to the EAJA is denied.

**B.     42 U.S.C. § 406(b) Attorney Fees**

The court may award a successful claimant's counsel for work performed and determine "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment" 42 U.S.C. § 406(b).  The Commissioner of Social Security may certify the amount of such fee for payment to claimant's attorney out of the amount of such past-due benefits.  *Id.* Under the 42 U.S.C. § 406(b), attorneys who successfully represent Social Security benefits claimants in court may receive 25% of past-due benefits and "does not displace contingent-fee agreements within the statutory ceiling."  ***Gisbrecht v. Barnhart***, 535 U.S. 789 (2002), 122 S. Ct. 1817.  Instead, it instructs courts to review for the reasonableness of fees yielded by those agreements. 535 U.S. at 807.  A court may exercise its discretion to reduce attorney's contractual recovery based on the character of the representation and the result achieved.  **See Id.**

The plaintiff executed an amended Appointment of Representative and contingent fee agreement on April 28, 2005 (Filing No. 24-2).  The court finds fee agreement reasonable in light of the outcome and complexity of the case.  Accordingly, the court finds the plaintiff's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) is granted.

Upon consideration,

**IT IS ORDERED**:

1.     The plaintiff's Motion for Payment of Attorney's Fees Pursuant to the Equal Access to Justice Act  and for Approval of Fees Pursuant to 42 U.S.C.A. § 406(b) (Filing No. 23) is denied in part and affirmed in part.

2.     The plaintiff is awarded attorney fees in the amount of $10,839.00.

DATED this 16th day of August, 2007.

                                                                BY THE COURT:


                                                                s/ Thomas D. Thalken
                                                                United States Magistrate Judge